Beatriz Sosa-Morris (will apply for *pro hac vice* pending)
Bsosamorris@smnlawfirm.com
SOSA-MORRIS NEUMAN, PLLC
Texas State Bar No. 24076154
5612 Chaucer Dr.
Houston, TX 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

**LEAD ATTORNEY IN CHARGE FOR
PLAINTIFF AND CLASS MEMBERS**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ashley Manes and Jason Vangundy on Behalf of Themselves and on Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| Stetson Desert Project, LLC, d/b/a Le Girls' Gentlemen's Club, and Cory J. Anderson, Individually, | ) ) ) ) ) |
| Defendants. | |

No.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**(JURY TRIAL REQUESTED)**

Plaintiff Ashley Manes and Jason Vangundy, on behalf of themselves and on behalf of all others similarly situated, allege as follows:

## I.   SUMMARY

1.     Stetson Desert Project, LLC, d/b/a Le Girls' Gentlemen's Club ("Le Girls") and Cory J. Anderson (hereinafter collectively referred to as "Defendants") required and/or permitted Ashley Manes (hereinafter "Plaintiff Manes") to work as an exotic

dancer at their adult entertainment club in excess of forty (40) hours per week, but refused to compensate her at the applicable minimum wage and overtime rates. In fact, Defendants refused to compensate Plaintiff Manes whatsoever for any hours worked. Plaintiff Manes' only compensation was in the form of tips from club patrons. Moreover, Plaintiff was required to divide her tips with Defendants and other employees who do not customarily receive tips. Therefore, Defendants have failed to compensate Plaintiff at the federally-mandated minimum wage rate.

2.      Additionally, Defendants required Jason Vangundy (hereinafter "Plaintiff Vangundy") to work as a bouncer, security guard, and VIP host in excess of forty (40) hours per week but refused to compensate him for all hours worked. Defendants had a policy of clocking out their hourly paid employees at or near closing hours of the club but required them to continue to work several hours after closing. Defendants also took hourly paid employees tips. Specifically, Defendants took approximately 50% of Plaintiff Vangundy's tips as a credit card liquidation fee.

3.      Defendants' conduct violates the Fair Labor Standards Act (FLSA), which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

4.      Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision. *See* 29 U.S.C. § 206.

5.      Plaintiffs bring a collective action to recover the unpaid overtime compensation and minimum wage owed to them individually and on behalf of all other

similarly situated employees, current and former, of Defendants in Arizona.   Members of the Collective Action are hereinafter referred to as "FLSA Class Members."  These FLSA Class Members are divided into two subclasses.  Plaintiff Manes seeks to represent all exotic entertainers employed by Defendants within the three years prior to the filing of this lawsuit who were classified by Defendants as independent contractors.   Plaintiff Vangundy seeks to represent all hourly paid employees who were required to clock out at or near closing but continued to work uncompensated.

6.     Additionally, Defendants' failure to compensate Plaintiff Means and Plaintiff Vangundy and all other non-exempt employees at a rate equal to or in excess of Arizona's required minimum wage violates the Arizona Wage Act, ARIZ. REV. STAT. ANN. § 23-350, et seq., and the Arizona Minimum Wage Act, ARIZ. REV. STAT. ANN. § 23-363, et seq.  Plaintiff, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages and other damages owed under Arizona wage laws.  Members of the Rule 23 Class Action are hereinafter referred to as the "Arizona Class Members."

## II.     SUBJECT MATTER JURISDICTION AND VENUE

7.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8.     This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because such claims do not raise novel or complex issues of state law and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive.

9.     Venue is proper in the District of Arizona because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants operate an adult entertainment club that is located in this District.

### III.    PARTIES AND PERSONAL JURISDICTION

10.     Plaintiff Manes is an individual residing in Maricopa County, Arizona.  Her consent to this action is attached hereto as Exhibit "A."

11.     Plaintiff Vangundy is an individual residing in Maricopa County, Arizona. His consent to this action is attached hereto as Exhibit "B."

12.     The FLSA Exotic Dancer Class Members are all current and former exotic dancers who worked in Arizona at Defendants' adult entertainment club at any time starting three (3) years before this Complaint was filed, up to the present.

13.     The FLSA Hourly Paid Class Members are all current and former hourly paid workers who worked in Arizona at Defendants' adult entertainment club at any time starting three (3) years before this Complaint was filed, up to the present.

14.     The Arizona Class Members are all current and former exotic dancers and hourly paid employees who worked in Arizona at Defendants' adult entertainment club at any time starting three (3) years before this Complaint was filed, up to the present.

15.     Defendant Stetson Desert Project, LLC, d/b/a Le Girls' Gentlemen's Club is a domestic for-profit company doing business in Phoenix, Arizona.  Defendant may be served with process by serving its registered agent, owner, and president, Cory J. Anderson, at his home address of 4135 N. 33rd Pl. Phoenix, AZ 85018 or at Stetson

Desert Project, LLC, d/b/a Le Girls' Gentlemen's Club's physical location of 5151 E. Washington Phoenix, AZ 85034.

16.   Defendant Cory J. Anderson is an individual who resides in Maricopa County, Arizona.  He is the owner and registered agent of Stetson Desert Project, LLC, d/b/a Le Girls' Gentlemen's Club. He may be served with process individually at the same address where he will be served as Defendant Stetson Desert Project, LLC, d/b/a Le Girls' Gentlemen's Club's registered agent, located at 5151 E. Washington Phoenix, AZ 85034, at his residence of 4135 N. 33rd Pl. Phoenix, AZ 85018, or wherever else he may be found.

## IV.   <u>COVERAGE</u>

17.   At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

18.   At all material times, Defendants have been employers within the meaning of ARIZ. REV. STAT. ANN. § 23-350(3) and ARIZ. REV. STAT. ANN. § 23-362(B).

19.   At all material times, Defendants have operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).  That is, Defendants perform related activities through unified operation and common control for a common business purpose.  *See Brennan v. Arnheim and Neely, Inc*., 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914–15 (9th Cir. 2003).

20.   At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce.  29 U.S.C. § 203(s)(1).

21.     Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

22.     At all material times, Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

23.     At all material times, Plaintiff and the Arizona Class Members were employees of Defendants within the meaning of ARIZ. REV. STAT. ANN. § 23-350(2) and ARIZ. REV. STAT. ANN. § 23-362(A).

24.     Defendant Cory Anderson is the owner and president of Defendant Le Girls.

25.     As the owner of Le Girls, Defendant Cory Anderson employed the Plaintiffs, FLSA Exotic Dancer Class Members, FLSA Hourly Paid Class Members, and Arizona Class Members as employees.

26.     Defendant Cory Anderson controlled the nature, pay structure, and employment relationship of Plaintiffs, both FLSA Classes, and Arizona Class Members.

27.     Further, Defendant Cory Anderson had, at all times relevant to this lawsuit, the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.  Additionally, he was responsible for the day-to-day affairs of the clubs.  In particular, he was responsible for determining whether his clubs complied with the Fair Labor Standards Act.

28.     Defendant Cory Anderson made the decision to classify dancers as independent contractors in order to avoid paying them pursuant to the FLSA.

29.     Defendant Cory Anderson made the decision to clock out hourly employees at or near closing time but still requiring them to continue to work off the clock.

30.     As such, pursuant to 29 U.S.C. § 203(d), ARIZ. REV. STAT. ANN. § 23-350(3), and ARIZ. REV. STAT. ANN. § 23-362(B), Defendant Cory Anderson acted directly or indirectly in the interest of Plaintiff's, both FLSA Classes, and Arizona Class Members' employment as their employer, which makes him individually liable under the FLSA and Arizona State Law.

## V.     FACTS

31.     Defendants operate an adult entertainment club in Phoenix, Arizona under the name of Le Girls' Gentleman's Club.

32.     Defendants employ exotic dancers at its aforementioned location.

33.     Le Girls is located at 5151 E. Washington St. Phoenix, AZ 85034.

34.     Le Girls has several managers including the following individuals:

      **A.**     Joshua McMasters (also known as Memphis)

      **B.**     Dan Chase

      **C.**     Joshua Thornton

35.     Defendants also employ hourly paid workers such as waitresses, bartenders, DJs, bouncers, VIP hosts, Door host, and floor security.

36.     Plaintiff Manes was previously employed as an exotic dancer at

Defendants' adult entertainment club.

37.     Plaintiff Vangundy was previously employed as a bouncer, VIP host, and door host at Defendants' adult entertainment club.

38.     Plaintiffs worked on a regular basis for Defendants' gentlemen establishment located in Phoenix, Arizona.

i.  **FACTS REGARDING THE FLSA EXOTIC ENTERTAINER CLASS**

39.     Plaintiff Manes was compensated exclusively through tips from Defendants' customers.  That is, Defendants did not pay Plaintiff whatsoever for any hours worked at their establishment.

40.     Plaintiff Manes worked for Defendants from approximately September of 2016 until March of 2018.

41.     Plaintiff Manes worked approximately four to six days per week and approximately 12 hour shifts per day worked.

42.     Plaintiff Manes was required to arrive at Le Girls at 3pm if she wanted to work a night shift.

43.     Furthermore, Defendants charged Plaintiff Manes a "house fee" per shift worked.  Defendants also required Plaintiff Manes to share her tips with other non-service employees who do not customarily receive tips, including the managers, disc jockeys, and the bouncers.

44.     Defendants are in violation of the FLSA's tipped-employee compensation provision, 29 U.S.C. § 203(m), which requires employers to pay a tipped employee a minimum of $2.13 per hour.  Defendants also violated 29 U.S.C. § 203(m)

when they failed to notify Plaintiff Manes about the tip credit allowance (including the amount to be credited) before the credit was utilized.  That is, Defendants' exotic dancers were never made aware of how the tip credit allowance worked or what the amounts to be credited were.  Furthermore, Defendants violated 29 U.S.C. § 203(m) because they did not allow Plaintiff Manes to retain all of her tips and instead required that she divide her tips amongst other employees who do not customarily and regularly receive tips.  Because Defendants violated the tip-pool law, Defendants lose the right to take a credit toward minimum wage.

45.     Furthermore, Defendants are in violation of Arizona's tipped-employee compensation provision, ARIZ. REV. STAT. ANN. § 23-363(C), which provides that "the employer may pay a wage up to $3.00 per hour less than the minimum wage if the employer can establish . . . that for each week, when adding tips received to wages paid, the employee received not less than the minimum wage for all hours worked." Defendants failed to compensate Plaintiff Manes with wages for any hours worked in violation of the Arizona Minimum Wage Act.

46.     Defendants illegally classified the dancers as independent contractors. However, at all times, Plaintiff, FLSA Class Members, and Arizona Class Members were employees of Defendants.

47.     Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to the dancers.

48.     In addition, Defendants instructed the dancers about when, where, and how

they were to perform their work.

49.     The following further demonstrates the dancers' status as employees:

a.     Defendants have the sole right to hire and fire the dancers;

b.     Defendants required dancers to complete an employee application as a prerequisite to their employment;

c.     Defendants made the decision not to pay overtime;

d.     Defendants provide the dancers with music equipment and a performing stage;

e.     Defendants supervise the dancers;

f.     The dancers have made no financial investment with Defendants' business;

g.     Defendants schedule dancers and as such have sole control over their opportunity for profit;

h.     Defendants suspended dancers for violations of their rules of conduct;

i.     Defendants restrict when a dancer can come in to dance at the club;

j.     Defendants retain exotic entertainer licenses in order for dancers to not be able to work elsewhere;

k.     Defendants instruct dancers on how to perform on stage;

l.     Defendants set the prices for house fees, dances, and tip outs; and

m.     The dancers were hired as permanent employees and many have

worked for Defendants for years.

50.     Defendants misclassified Plaintiff, FLSA Class Members, and Arizona Class Members as independent contractors to avoid Defendants' obligation to pay them pursuant to the FLSA.

51.     Plaintiff is not exempt from the overtime and minimum wage requirements under the FLSA.

52.     Although Plaintiff and FLSA Class Members are required to and do in fact frequently work more than forty (40) hours per workweek, they are not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.  In fact, they receive no compensation whatsoever from Defendants and thus, Defendants violate the minimum wage requirement of the FLSA. *See* 29 U.S.C. § 206.

### ii.  FACTS REGARDING HOURLY PAID EMPLOYEES

53.     Defendants employ hourly paid workers such as bartenders, waitresses, bar backs, bouncers, hostess, security, VIP host, and previously employed DJs.

54.     Plaintiff Vangundy performed work as an hourly paid employee.

55.     Plaintiff Vangundy worked for Defendants from approximately January 3, 2017 until November 26, 2018.

56.     Plaintiff Vangundy worked over 40 hours per week, including up to 60 hours during several weeks in 2018.

57.     Defendants clocked out all employees who work the night shift at or near the time the club closes.

58.     Le Girls closes at 4am.

59.     Defendants require all nigh shift hourly paid workers, including Plaintiff Vangundy, to clock out at or near 4:00 am but to continue working after the club closes.

60.     Plaintiff Vangundy was typically clocked out around 4:00 am on days when he worked the night shift, but he typically continued to work until 6:00 am at the direction of Defendants.

61.     Defendants took 50% of Plaintiff Vangundy's tips processed via credit card.

62.     Plaintiff Vangundy's hourly rate was approximately $7.50 per hour. Because Plaintiff Vangundy worked off the clock, his regular rate of pay as defined by the FLSA fell below $7.25 per hour in violation of the FLSA.

63.     This class of hourly paid workers worked off the clock at the direction of Defendants.  The hourly paid class members will stay after the club closes to perform some or all of the following tasks: close out bar tabs, wait to receive their daily tip outs, clean the club, and confirm exotic entertainers and customers have left the club.

64.     The work performed off the clock by these hourly paid workers is approximately one to two hours per shift.

65.     Furthermore, Arizona's minimum wage is $10.50 per hour.  Defendants failed to pay Plaintiff Vangundy Arizona's minimum wage.  Defendants are in violation of Arizona's tipped-employee compensation provision, ARIZ. REV. STAT. ANN. § 23-363(C), which provides that "the employer may pay a wage up to $3.00 per hour less than the minimum wage if the employer can establish . . . that for each week, when adding tips received to wages paid, the employee received not less than the minimum wage for all

hours worked."   Defendants failed to inform Plaintiff Vangundy that all tips must be retained by the employee and in fact took up to 50% of his tips.   Defendants' conduct is in violation of the Arizona Minimum Wage Act.

66.   Defendants' method of paying Plaintiffs in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.   Defendants misclassified Plaintiff Manes with the sole intent to avoid paying her in accordance to the FLSA.   Likewise, Defendants required hourly paid employees to be clocked out at or near closing hours but required them to continue to work with the sole intent to avoid paying them in accordance with the FLSA.

67.   Defendants' method of paying Plaintiffs and the Arizona Class Members was in violation of the Arizona Minimum Wage Act and Arizona Wage Law and was willful and not based on a good faith and reasonable belief that its conduct complied with Arizona Law.

68.   Defendants' method of paying Plaintiffs and the Arizona Class Members was in violation of the Arizona Minimum Wage Act and Arizona Wage Law and was willful and not based on a good faith and reasonable belief that its conduct complied with Arizona Law.

## VI.   EQUITABLE TOLLING

69.   The doctrine of equitable tolling preserves a plaintiff's full claim when a strict application of the statute of limitations would be inequitable.   *See Partlow v. Jewish Orphans' Home of S. Cal., Inc.*, 645 F.2d 757, 760–61 (9th Cir. 1981), *abrogated on other grounds by Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989).

70.    Equitable tolling is proper when an employer has engaged in misleading conduct.  Defendants intentionally misled the Plaintiffs into believing that it was not required to pay them minimum wage and/or overtime for hours worked in excess of forty (40) hours per workweek.  Defendants coerced the Plaintiff Manes, FLSA Exotic Dancer Class Members, and Arizona Class Members into believing that they were independent contractors.   Consequently, the Plaintiff, FLSA Class Members, and Arizona Class Members were victims of fraud and unable to ascertain any violation taking place.

71.    Thus, the statute of limitations for the Plaintiff Manes', FLSA Exotic Dancer Class Members, and Arizona Class Members should be equitably tolled due to Defendants' fraudulent concealment of the Plaintiff Manes', FLSA Exotic Dancer Class Members' and Arizona Class Members' rights.   Plaintiff therefore seeks to have the limitations period extended from the first date that Defendants used this covert payroll practice up to the time each Plaintiff joins this lawsuit.

## VII.   CAUSES OF ACTION

COUNT I
VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME
(COLLECTIVE ACTION)

72.    Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

73.    Defendants' practice of failing to pay Plaintiffs and both FLSA Classes time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.  In fact, Defendants do not compensate exotic dancers whatsoever for any hours worked.

74.    In at least one-week Plaintiffs, FLSA Exotic Dancer Class Members, and FLSA Hourly Paid Class Members worked more than 40 hours per week but were not compensated at all by Defendants.

75.    None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants or the Plaintiffs.

COUNT II
VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY THE MINIMUM WAGE
(COLLECTIVE ACTION)

76.    Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

77.    Defendants' practice of failing to pay Plaintiffs and FLSA Class Members at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.  In fact, Defendants do not compensate exotic dancer whatsoever for any hours worked and have violated the tip credit provision under the FLSA as described above.  Defendants require hourly paid employees to clock out and work off the clock.  Their regular rate of pay for the week falls below the FLSA's minimum wage.

78.    None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiffs.

COUNT III
FAILURE TO KEEP ADEQUATE RECORDS
(COLLECTIVE ACTION)

79.     Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

80.     Defendants failed to keep adequate records of Plaintiffs' and both FLSA Class Members' work hours and pay in violation of section 211(c) of the Fair Labor Standards Act. *See* 29 U.S.C. § 211(c).

81.     Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

    a.  The time of day and day of week on which the employees' work week begins;

    b.  The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

    c.  An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

    d.  The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

    e.  The hours worked each workday and total hours worked each workweek;

    f.  The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

    g.  The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

    h.  The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

    i.  The dates, amounts, and nature of the items which make up the total additions and deductions;

j.   The total wages paid each pay period; and

k.   The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

82.      Defendants have not complied with federal law and have failed to maintain such records with respect to the Plaintiff and FLSA Class Members.   Because Defendants' records are inaccurate and/or inadequate, Plaintiff and FLSA Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).  Plaintiffs do not seek affirmative relief because of Defendants' violations of the FLSA's record keeping requirements.  Instead, Plaintiffs seek to put Defendants on notice that they intend to rely on *Mt. Clemens Pottery Co.* to prove the extent of unpaid work.

COUNT IV
VIOLATION OF ARIZONA MINIMUM WAGE ACT
FAILURE TO PAY MINIMUM WAGE
(CLASS ACTION)

83.      Plaintiffs and Arizona Class Members incorporate all allegations contained in the foregoing paragraphs.

84.      Plaintiffs are paid below the Arizona minimum wage.

85.      Defendants' practice of willfully failing to pay Plaintiffs and Arizona Class Members wages at the rate of the Arizona Minimum Wage violates the Arizona Minimum Wage Act. ARIZ. REV. STAT. ANN. § 23-363(A), (C).  In fact, Defendants do

not compensate the Exotic Dancer whatsoever for any hours worked.  With regards to both hourly paid employees and exotic dancers, Defendants have violated the tipped-employee compensation provision under Arizona law as described above.

86.     By taking approximately 50% of their tips, Defendants are effectively charging the hourly paid employees for the pleasure of working at the Defendants' establishment.   Such demand for payment effectively brings the hourly paid class members' regular rate of pay below minimum wage.

87.     Defendants cannot take advantage of the Arizona tip credit laws.

COUNT V
VIOLATION OF ARIZONA WAGE LAW
FAILURE TO PAY WAGES DUE
(CLASS ACTION)

88.     Plaintiffs and Arizona Class Members incorporate all allegations contained in the foregoing paragraphs.

89.     Defendants' practice of willfully failing to pay Plaintiff and Arizona Class Members wages for labor performed violates Arizona Wage Law. ARIZ. REV. STAT. ANN. § 23-351(C).  In fact, Defendants do not compensate exotic dancers whatsoever for any hours worked.  By taking approximately 50% of their tips, Defendants are effectively charging the hourly paid employees for the pleasure of working at the Defendants' establishment.   Such demand for payment effectively brings the hourly paid class members' regular rate of pay below minimum wage.

**VIII.  <u>COLLECTIVE ACTION ALLEGATIONS</u>**

90.     Plaintiffs Manes bring this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers at any time during the three (3) years prior to the commencement of this action to present.

91.     Plaintiffs Vangundy bring this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as hourly paid employees at any time during the three (3) years prior to the commencement of this action to present.

92.     Plaintiffs have actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty hours per workweek and have been denied pay at the federally mandated minimum wage rate.   That is, Plaintiff Manes worked with other dancers in Phoenix, Arizona.   As such, she has first-hand personal knowledge of the same pay violations throughout Defendants' establishment.   Plaintiff Vangundy worked alongside other hourly paid employees for approximately eleven months.   As such, he has knowledge regarding Defendants' pay practices.

93.     Furthermore, other exotic dancers at Defendants' establishment have shared with Plaintiff Manes similar pay violation experiences as those she describes in this Complaint.   Likewise, other hourly paid employees of Defendants have shared with Plaintiff Vangundy similar pay violation experiences as those he describes in this Complaint.

94.     Other employees similarly situated to the Plaintiffs work or have worked for Defendants' gentlemen's club business but were not paid overtime at the rate of one

and one-half their regular rate when those hours exceeded forty hours per workweek. Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

95.     The hourly paid class members were required to work off the clock and not compensated for all hours worked.

96.     The exotic dancer class members were not paid at all by Defendants for working at Le Girls.

97.     Although Defendants permitted and/or required the FLSA Class Members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty.  Defendants have also denied them full compensation at the federally mandated minimum wage rate.

98.     When calculating the regular rate of pay as required by the FLSA for the hourly paid class members, their effective hourly rate drops below the FLSA's mandatory minimum wage.

99.     FLSA Exotic Dancer Class Members perform or have performed the same or similar work as the Plaintiff Manes.

100.     FLSA Exotic Dancer Class Members and FLSA Hourly Paid Class Members regularly work or have worked in excess of forty hours during a workweek.

101.     FLSA Exotic Dancer Class Members and FLSA Hourly Paid Class Members are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

102.    As such, FLSA Exotic Dancer Class Members are similar to Plaintiff Manes in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime and minimum wage.

103.    FLSA Hourly Paid Class Members are similar to Plaintiff Vangundy in terms of job duties, pay structure, requirement that they clock out and continue to work, and/or the denial of overtime and minimum wage.

104.    Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Class Members.

105.    The experiences of the Plaintiff Manes, with respect to her pay, are typical of the experiences of the FLSA Exotic Dancer Class Members.

106.    The experiences of the Plaintiff Vangundy, with respect to his pay, are typical of the experiences of the FLSA Hourly Paid Class Members.

107.    The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

108.    All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

109.    All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

110.    Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula.  The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class Members.

111.    As such, Plaintiff Manes brings her FLSA overtime and minimum wage claims as a collective action on behalf of the following class:

> **The FLSA Class Members are all of Defendants' current and former exotic dancers who worked at the Le Girls' Gentlemen's Club located in Phoenix, Arizona at any time starting three years before this Complaint was filed up to the present.**

112.    Plaintiff Vangundy brings his FLSA overtime and minimum wage claims as a collective action on behalf of the following class:

> **The FLSA Class Members are all of Defendants' current and former hourly paid workers who worked at Le Girls' Gentlemen's Club located in Phoenix, Arizona at any time starting three years before this Complaint was filed up to the present.**

**A.    Arizona Class Action**

128.    Plaintiffs and the Arizona Class Members incorporate all preceding paragraphs as though fully set forth herein.

129.    Plaintiffs bring their Arizona wage claims as a Rule 23 class action on behalf of the following classes:

-22-

**EXOTIC ENTERTAINERS, RULE 23 CLASS:**

> **The Arizona Class Members are all of Defendants' current and former exotic dancers who worked at Le Girl's Gentlemen's Club located in Phoenix, Arizona at any time starting three years prior to the filing of this Complaint through the present.**

**HOURLY PAID EMPLOYEES, RULE 23 CLASS:**

> **The Arizona Class Members are all of Defendants' current and former hourly paid employees who worked at Le Girl's Gentlemen's Club located in Phoenix, Arizona at any time starting three years prior to the filing of this Complaint through the present.**

130.    <u>Numerosity</u>.  The number of members in the each of the Arizona Classes is believed to be over fifty (50).  This volume makes bringing the claims of each individual member of the class before this Court impracticable.  Likewise, joining each individual member of the Arizona Class as a plaintiff in this action is impracticable.  Furthermore, the identity of the members of the Arizona Class will be determined from Defendants' records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the Arizona Class and Defendants.

131.    <u>Typicality</u>.  Plaintiffs' claims are typical of the Arizona Class because like the members of the Arizona Class, Plaintiffs were subject to Defendants' uniform policies and practices and was compensated in the same manner as others in the Arizona Class.  Defendants failed to pay non-exempt employees who worked at Le Girls' Gentlemen's Club overtime wages for all of their overtime hours worked.  All members of the Arizona Class worked substantially more than forty (40) hours in a workweek.

Plaintiffs and the Arizona Class were likewise not paid minimum wage for all of their hours worked.  Plaintiffs and the Arizona Class have been uncompensated and/or under-compensated as a result of Defendants' common policies and practices which failed to comply with Arizona law.

132.    <u>Adequacy</u>.  Plaintiff Manes and Plaintiff Vangundy are representative parties who will fairly and adequately protect the interests of the Arizona Class because it is in their interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under Arizona law.   Plaintiffs have retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiffs do not have any interest which may be contrary to or in conflict with the claims of the respective Arizona Classes they seek to represent.

133.    <u>Commonality</u>.  Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

      a.    Whether Plaintiff and the Arizona Class worked more than forty (40) hours in a workweek;

      b.    Whether Defendants failed to pay Plaintiff and the Arizona Class overtime wages for all hours worked over forty (40) hours in a workweek; and

      c.    Whether Defendants failed to pay Plaintiff and Arizona Class the minimum wage for all hours worked.

134.    The common issues of law include, but are not limited to:

      a.    Whether Defendants improperly classified Plaintiff Manes and the Arizona Class as exempt;

-24-

b.      Whether Defendants improperly applied the tip credit to the Arizona Classes;

c.      Whether Defendants required Plaintiff Vangundy and the Arizona Class to work off the clock;

d.      Whether Plaintiff and the Arizona Class are entitled to compensatory damages;

e.      The proper measure of damages sustained by Plaintiff and the Arizona Class; and

f.      Whether Defendants' actions were "willful."

135.    <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the Arizona Class could afford to pursue individual litigation against companies the size of Defendants, doing so would unduly burden the court system.  Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by individual members of the Arizona Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

136.    A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Arizona Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency.  The identity of members of the Arizona Class is readily identifiable from Defendants' records.

137.     This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on each Defendant to prove it properly compensated its employees; and (3) the burden is on each Defendant to accurately record hours worked by employees.

138.     Ultimately, a class action is a superior forum to resolve the Arizona claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiff and the Arizona Class according to applicable Arizona laws.

139.     <u>Nature of notice to be proposed</u>.   As to the Rule 23 Class, it is contemplated that notice would be issued giving putative class members an opportunity to opt out of the class if they so desire, *i.e.* "opt-out notice."  Notice of the pendency and resolution of the action can be provided to the Arizona class by mail, electronic mail, print, broadcast, internet and/or multimedia publication.

## IX.     DAMAGES SOUGHT

140.    Plaintiffs, FLSA Class Members, and Arizona Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

141.    Additionally, Plaintiffs, FLSA Class Members, and Arizona Class Members are entitled to recover their unpaid overtime compensation.

142.    Plaintiffs, FLSA Class Members, and Arizona Class Members are also entitled to all of the misappropriated funds.

143.    Plaintiffs and FLSA Class Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

144.    Plaintiffs and FLSA Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

145.    Plaintiffs and Arizona Class Members are entitled to an amount equal to wages owed, interest thereon, and an additional amount equal to twice the underpaid wages.  ARIZ. REV. STAT. ANN. § 23-364(G).

146.    Plaintiffs and Arizona Class Members are entitled to treble the amount of wages unpaid under Arizona Wage Law. ARIZ. REV. STAT. ANN. § 23-355(A).

147.    The treble damages provision set forth in ARIZ. REV. STAT. ANN. § 23-355(A) may be applied to treble a liquidated damages award received under the FLSA pursuant to this Court's supplemental jurisdiction. *Davis v. Jobs for Progress*, 427 F. Supp. 479, 483 (D. Ariz. 1976).

148.    Plaintiffs and Arizona Class Members are entitled to recover attorney's fees and costs under ARIZ. REV. STAT. ANN. §§ 12-341, 12-341.01, 23-364(G).

## X.    JURY DEMAND

149.    Pursuant to their rights under the Constitution of the United States, U.S. Const. amend VII, and Fed. R. Civ. P. 38(a), Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

150.    For these reasons, Plaintiffs, FLSA Exotic Dancer Class Members, FLSA Hourly Paid Class Members, and Arizona Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a.      Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

b.      All unpaid wages at the FLSA mandated minimum wage rate;

c.      All misappropriated funds;

d.      An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

e.      An amount equal to wages owed, interest thereon, and an additional amount equal to twice the underpaid wages pursuant to ARIZ. REV. STAT. ANN. § 23-364(G);

f.      An amount equal to treble the amount of wages unpaid under Arizona Wage Law and liquidated damages pursuant to ARIZ. REV. STAT. ANN. § 23-355(A);

g.      Prejudgment and post-judgment interest on unpaid back wages pursuant to the FLSA and/or ARIZ. REV. STAT. ANN. § 23-364(G);

h.      Tolling of the statute of limitations;

i.      Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA and ARIZ. REV. STAT. ANN. §§ 12-341, 12-341.01, 23-364(G);

j.      In the event Defendants fail to satisfy any judgment for Plaintiffs with respect to the Arizona wage claims, an award that Defendants shall pay Plaintiffs an amount which is treble the amount of the outstanding judgment with interest thereon at the then legal rate in accordance with ARIZ. REV. STAT. ANN. § 23-360; and

k.      Such other and further relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

Respectfully submitted,

By: /s/ Beatriz Sosa-Morris
Beatriz Sosa-Morris (will apply for *pro hac vice* admission)
SOSA-MORRIS NEUMAN, PLLC
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS

OF COUNSEL:
John Neuman (will apply for *pro hac vice* admission)
JNeuman@smnlawfirm.com
Texas State Bar No. 24083560
SOSA-MORRIS NEUMAN, PLLC
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813